**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **ROBIN ZAHRAN** and **KAREN ZAHRAN**, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> **TRANSUNION CREDIT INFORMATION** ) <br> **SERVICES CO.**, et al., ) <br> ) <br> Defendants. ) | Case No. 13 C 8840 |

**MEMORANDUM ORDER**

On November 18, 2013 pro se plaintiffs Robin and Karen Zahran (collectively "Zahrans") filed a self-prepared Complaint in the Circuit Court of Cook County (in Case No. 2013-L-1327) against a substantial group of defendants. On December 10 one of those defendants, PNC Bank, N.A. ("PNC"), filed a Notice of Removal ("PNC Notice") -- a removal that was initiated before PNC had been served -- to bring that action from its state court of origin to this District Court, and the case was given Case No. 13 C 8804 and was assigned to this Court's calendar in accordance with this District Court's random assignment procedure. This Court granted PNC until January 30, 2014 to file its responsive pleading to Zahrans' Complaint and set a status hearing for 9 a.m. February 11.

To complicate matters, another of the multiple defendants has gotten into the act. Trans Union, LLC ("Trans Union"),[1] stating that it had been served "on or about December 9, 2013,"

---

[1] Zahrans' Complaint has sued each of PNC and Trans Union under an incorrect name. This memorandum order will understandably employ the correct names by which those defendants have identified themselves.

filed its own Notice of Removal ("T-U Notice") on December 11 (one day after PNC's Notice). It was given the case number set out in the caption here and was assigned at random to this Court's colleague Honorable Samuel Der-Yeghiayan. On January 9 this District Court's Executive Committee understandably reassigned the case to this Court, and that is the current posture of both cases (which are really the same case).

PNC Notice ¶ 5 correctly states that "Illinois courts require the Sheriff's office to serve process absent leave of court upon motion. See 735 ILCS 5/2-202." That of course differs sharply from the federal practice, under which "Any person who is at least 18 years old and not a party may serve a summons and complaint" (Fed. R. Civ. P. 4(c)(2)). PNC Notice ¶ 5 also stated that Zahrans had taken no steps to comply with the above-cited state statute and consequently asserted that "Plaintiffs have not served any defendant in the State Court action."

It seems likely that Trans Union's counsel, in stating in the T-U Notice that their client had been served, were unaware of the state law requirement and hence of the ineffectiveness of the purported service on their client (Ex. A to the T-U Notice shows pro se plaintiff Robin Zahran as the person who purportedly served the Summons and Complaint). And that being so, PNC's removal was not defective under 28 U.S.C. § 1446(a) on the ground that not all then-required joinders or consents by any other defendants had taken place.

All of this leads to the conclusion that this action should be dismissed without prejudice -- there is certainly nothing useful (let alone necessary) in having the identical lawsuit carry two case numbers. Hence this Court orders dismissal of this action without prejudice in light of the pendency of Case No. 13 C 8804.

Finally, before Judge Der-Yeghiayan entered his January 8 order (memorialized by minute entry [14]) that preceded the Executive Committee's reassignment of this case to this Court, both Trans Union and another co-defendant (Experian Information Solutions Inc.) had filed motions for extensions of time to answer or otherwise plead that were set for presentment before Judge Der-Yeghiayan on January 9. Judge Der-Yeghiayan's January 8 minute entry reflects that he struck both (1) the motions for extension of time (without prejudice) and (2) the January-9-noticed motion date. On that score, if either or both of those moving defendants is or are satisfied to share the January 30 response date that this Court has previously ordered in 13 C 8804 as to PNC, it or they need only file a consent or consents to that date without having to re-present their motions before this Court -- but if such is not the case, each is free to re-notice its motion in the ordinary course.

                                                                                         _____
                                                                                         Milton I. Shadur
                                                                                         Senior United States District Judge

Date: January 15, 2014